CALLAHAN, Circuit Judge,
concurring:
I concur in the affirmance of the denial of Henderson’s petition, as the trial court’s instructional error was harmless in light of the overwhelming evidence showing Henderson’s involvement in the victims’ deaths.
*201 However, I disagree with the majority’s determination that CALCRIM No. 376 violates due process under clearly established law. A jury instruction error rises to the level of a constitutional violation if “the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.” Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citations omitted). The permissive instruction in CALCRIM 376 did not so infect the entire trial and thus did not rise to the level of a constitutional violation. Instead, the trial court’s instructional error was only one involving state law.
The California Supreme Court in People v. Moore, 51 Cal.4th 1104, 1130-33, 127 Cal.Rptr.3d 2, 253 P.3d 1153 (2011), and People v. Prieto, 30 Cal.4th 226, 249, 133 Cal.Rptr.2d 18, 66 P.3d 1123 (2003), examined essentially identical instructions. The court in both cases explained that informing the jury that it may infer the defendant’s guilt of murder based on possession of recently stolen property with other slight corroboration of guilt was error, but not an error of constitutional magnitude. The court reasoned that due process was not violated in light of the trial courts’ instructions that the prosecution was required to prove the elements of the offense beyond a reasonable doubt, and “other instructions properly instructed the jury on its duty to weigh the evidence, what evidence it may consider, how to weigh that evidence, and the burden of proof’ such that “there is no possibility that [the jury instruction] reduced the prosecution’s burden Of proof in this case.” Prieto, 30 Cal.4th at 248, 133 Cal.Rptr.2d 18, 66 P.3d 1123 (citation and internal quotation marks omitted); see also Moore, 51 Cal.4th at 1133, 127 Cal.Rptr.3d 2, 253 P.3d 1153. Similarly, here, the jury was instructed on all the elements of the offense and that all elements of the offense must be proven beyond a reasonable doubt. The jury also received other instructions on the burden of proof and how and what evidence to consider. These other instructions “explain[ed] the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption.” See Francis v. Franklin, 471 U.S. 307, 315, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (citation omitted).
Moreover, as discussed by the Supreme Court in Yates v. Evatt, 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991), a permissive inference “is constitutional so long as the inference would not be irrational.” Id. at 402 n. 7, 111 S.Ct. 1884 (citing Francis, 471 U.S. at 314-15, 105 S.Ct. 1965). The California Supreme Court determined in Prieto and Moore that this permissive jury instruction was erroneous under state law because it permitted the jury to draw an inference that did not flow “naturally” or “logically” from the evidence, but the instruction did not violate due process because the inference was rational. Whether an inference is rational is a lower bar than “flowing naturally and logically,” contrary to the majority’s conclusion. And the inference is clearly rational—proof that a defendant was found with the decedents’ property soon after they were murdered, along with other corroborating evidence, is sufficient for a juror to conclude that a defendant was involved in the murder. Thus the inference here is “one that reason and common sense justify in light of the proven facts before the jury” under Francis, 471 U.S. at 314, 105 S.Ct. 1965. There was no constitutional violation.